BOUTALL, Judge.
This case involves a claim for Workmen’s Compensation benefits. The case was submitted to the trial court upon a stipulation entered into by counsel for both parties. The trial court granted plaintiff, Gloria James, benefits of $51.48 for ten weeks. Schwegmann Brothers Giant Supermarkets, Inc. has appealed. We affirm.
Gloria James was injured while performing her duties as a cashier at Schweg-mann’s store. She was struck in the right eye by glass fragments from a bottle broken near her. She was taken to Touro Infirmary where Dr. Anthony removed the glass particles, patched her eye and gave her medication. The accident occurred on May 19, 1974 and it was Dr. Anthony’s opinion that Mrs. James would be able to return to work on May 22, 1974.
Apparently Mrs. James did not return to work on May 22 because on June 4, 1974 Schegmann’s sent her to the Victor C. Smith Memorial Eye Clinic. Dr. Schoel examined Mrs. James and found no foreign bodies in her eye. He did find evi *696 dence of pinguecula[1] in both eyes. He attributed the pinguecula to a non-industrial origin. It was his opinion that Mrs. James could return to work right away.
Apparently again Mrs. James did not return to work and instead sought out her own eye doctor. On June 24, 1974 she saw Dr. Pollard who examined her and found the interior of her eyes to be within normal limits. He prescribed decongestant eye drops for her. Mrs. James eyes continued to bother her and she returned to Dr. Pollard on July 16, 1974. At this examination Dr. Pollard found keratitis and iritis[2] present in the right eye. He prescribed eye drops and asked her to return. On July 22, 1974 the inflammations were healing but still present. On August 4, 1974 Mrs. James no longer complained of any irritation and upon examination the inflammations were found to be completely healed.
Defendant contends that plaintiff has failed to show the requisite causal relationship between the inflammations allegedly arising on July 16, 1974 and the accident of May 19, 1974. There is no testimony or depositions in this case, there is merely the stipulation of counsel and the various medical reports of Drs. Anthony, Schoel and Pollard. Construing this stipulation in a light most favorable to plaintiff, as is the intent of the Workmen’s Compensation Act, we find the requisite causal link.
The stipulation in pertinent part reads as follows:
.; that as a result of this accident Plaintiff received medical treatment, and all medical reports in connection with this treatment are stipulated to and marked for identification as follows: Marked as Plaintiff 1 is Dr. Pollard’s report dated September 12, 1974;
We interpret this to simply mean that both parties agreed that the accident required treatment and the extent of the treatment is outlined in the medical reports. In effect the stipulation says that the accident caused the listed treatments to be administered to Mrs. James. Dr. Pollard’s report shows that his treatment did not stop until August S, 1974.
We can find no other explanation in the record for the inflammations of Mrs. James’ eyes. There is sufficient evidence in the record to sustain the finding of the trial court and we find no evidence of manifest error.
For the above reasons the judgment of the trial court is affirmed. Defendant is to pay all costs.

AFFIRMED.

. Pinguecula is a yellowish spot on the eye caused by a thickening of the cunjunctiva. It is found most often in older people.

. Iritis is an inflammation of the iris, characterized by pain, photophobia (abnormal intolerance of light), laerimation (discharge of tears), and interference with vision. The Simplified Medical Dictionary for Lawyers 419 (3rd Ed. 1960). Keratitis is an inflammation of the cornea.